RECEIPT # 55489
AMOUNT $ 150.00
SUMMONS ISSUED (yes)
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4/22/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN LUCEY, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | COMPLAINT |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| Defendant ) | 04 10800 NG |

MAGISTRATE JUDGE Bowler

## INTRODUCTION

Plaintiff Marilyn Lucey brings this Complaint pursuant to the Employee Retirement Income Security Act to recover benefits due under the terms of a long-term disability plan.

## PARTIES

1. Plaintiff Marilyn Lucey ("Ms. Lucey") is an adult individual who resides at 12 Hudson Place, East Bridgewater, Massachusetts.

2. Defendant Hartford Life and Accident Insurance Company ("The Hartford") is a subsidiary of Hartford Life, Inc., which is a corporation organized and existing under the laws of Connecticut, having its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 29 U.S.C.A. §§ 1132(e) and (f). Venue is proper in this Court pursuant to 29 U.S.C.A. § 1132(e)(2) because the long-term disability plan is administered in this judicial district.

## FACTS

4. Ms. Lucey worked for Wainwright Bank & Trust Company for approximately four years, during which time she was a covered employee under the Group Long Term Disability Insurance Plan for Employees of Trustees of the Massachusetts Bankers Association Group Insurance Trust. ("the Plan").

5. The Plan is an employee welfare benefit plan subject to the provisions of Employee Retirement Income Security Act.

6. The Hartford serves as the administrator for the Plan.

7. Ms. Lucey was diagnosed with Crohn's Disease in 1982 when she was twenty-one years old. After a series of surgeries, her condition remained stable until 1990, when Ms. Lucey again underwent surgeries to treat persistent diarrhea, abdominal pain, and fevers.

8. Ms. Lucy qualified for long-term disability benefits under the Plan on June 28, 1990.

9. Since 1990, the Plan has remained in effect and Ms. Lucey has been a qualified participant.

10. The Hartford terminated Ms. Lucey's long-term disability benefits as of October 31, 2002.

11. Pursuant to the terms of the Plan, Ms. Lucey timely appealed The Hartford's decision to deny benefits.

12. On May 20, 2003, The Hartford issued its appeal review in which it upheld the termination of Ms. Lucey's benefits.

13. The Hartford has determined that Ms. Lucey is not disabled as defined by the Plan because she is capable of full-time sedentary employment.

14. Under the Plan, an employee is eligible for long-term disability benefits if the disabling condition prevents the employee "from doing any occupation or work for which you are qualified by training, education, or experience." Exhibit A, Summary Plan Description ("SPD"), p. 11.

15. In regard to "Benefit Payment Due to Disability," the Plan provides: "The Hartford will cease benefit payment on . . . the date you fail to furnish proof that you are continuously Disabled." Ex. A, SPD, p. 14.

16. In regard to "Proof of Loss," the Plan states that "The Hartford may require further written proof that you are still Disabled." Ex. A, SPD, p. 25.

17. Since June 1990 Ms. Lucey has been continuously totally disabled from doing any occupation or work for which she is qualified by training, education, or experience.

18. Ms. Lucey regularly receives intensive medical treatment for her Crohn's Disease, which includes surgeries, invasive medical procedures, and varying types of drug regimen.

19. Despite continuing medical treatment, Ms. Lucey routinely endures uncontrollable diarrhea, hemorrhoids, abdominal pain, and distension as a result of her Crohn's Disease. Ms. Lucey's condition is complicated by fistula disease, intractability, and a history of blockages.

20. Ms. Lucey also has suffered from health problems secondary to her Crohn's Disease, including depression, for which she has received medication and therapy.

21. Ms. Lucey experienced increasing symptoms of Crohn's Disease commencing in December 2002, which required her to undergo surgery in February 2003.

22. Even after the long and difficult recovery from the surgery in February 2003, Crohn's Disease has continued to cause Ms. Lucey significant pain and nausea, and she experiences on a daily

basis symptoms which are extremely socially alienating.

23. Ms. Lucey is significantly restricted as to the condition, manner, or duration under which she can perform major life activities, as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

24. Specifically, the nature and severity of Ms. Lucey's unpredictable diarrhea substantially limits her ability to care for herself and her young children, and to perform certain manual tasks.

25. With respect to the major life activity of working, Ms. Lucey is significantly restricted in her ability to perform a broad range of jobs in various classes, as compared to the average person having comparable training, skills, and abilities. Ms. Lucey's uncontrollable diarrhea and abdominal pain interfere considerably with her ability to perform the essential functions of a job in virtually any setting.

26. Ms. Lucey attended a one-year secretarial program after completing high school and lives in a relatively rural area. She is not physically capable of making a lengthy commute to work because her lack of continence restricts her from driving more than ten or fifteen minutes at a time.

27. Further, the unpredictable occurrence of nocturnal diarrhea prevents Ms. Lucey from committing to a regular work schedule because there would be many days fatigue and nausea would disrupt her arrival to work or require her to be absent.

28. Ms. Lucey is Totally Disabled as defined in the Plan because the nature and severity of Ms. Lucey's chronic Crohn's Disease with the accompanying nausea, fatigue, and depression precludes her performance of any sustained substantial gainful activity.

## CLAIM FOR RELIEF

29. Ms. Lucey hereby realleges and incorporates by reference every allegation contained in paragraphs 1-28.

30. The Hartford has violated the Employee Retirement Income Security Act (ERISA) and the terms of the Plan in its determination that Ms. Lucey is capable of full-time sedentary employment despite her chronic and debilitating condition.

31. The Hartford's decision to deny Ms. Lucey's benefits violates ERISA because it is not supported by substantial evidence.

32. The Hartford's decision to deny Ms. Lucey's benefits violates the terms of the Plan because it is contrary to established definitions of disability.

33. In accordance with 29 U.S.C.A. § 1132(a)(1)(B), Ms. Lucey seeks a de novo review of The Hartford's decision to terminate Ms. Lucey's benefits.

**WHEREFORE**, Plaintiff demands judgment in her favor and prays that this Court:

(a) conduct a de novo review of Defendant's decision to terminate Plaintiff's long-term disability benefits and reinstate Plaintiff's monthly benefit under the insurance contract;

(b) award Plaintiff a monetary judgment against Defendant equivalent to all benefits Plaintiff should have received under the insurance contract retroactive to November 1, 2002;

(c) reasonable prejudgment interest on all benefits Plaintiff should have received under the insurance contract;

(d) pursuant to 29 U.S.C.A. § 1132(a)(9), require Defendant to post security to ensure Plaintiff's receipt of the amounts to be provided by the insurance contract, including prejudgment interest;

(e)  award Plaintiff's reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C.A. § 1132(g); and

(f)  grant such other and further relief as this Court deems just.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,
Marilyn Lucey

By her attorneys,

Date:  April 20, 2004

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400