UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN LUCEY,<br><br>        Plaintiff,<br><br>v.<br><br>HARTFORD LIFE and ACCIDENT INSURANCE COMPANY,<br><br>        Defendant. | 04-CV-10800-NG |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendant, Hartford Life and Accident Insurance Company ("Hartford") hereby moves to strike Plaintiff's request for a jury demand.

Plaintiff's sole claim in this matter is for long term disability benefits under an employee welfare benefit plan covered under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. s. 1002(1). Complaint at Pars. 30, 31, 33. Plaintiff also requests a trial by jury. As set forth below, Plaintiff's request for a jury demand must be stricken.

Although the First Circuit has yet to rule on the issue of whether a plan beneficiary is entitled to a jury trial, numerous courts in this district and all federal appellate courts that have considered the matter have held that no such right exists. E.g. Turner v. Fallon Community Health Plan Inc., 953 F. Supp. 419, aff'd, 127 F. 3d 196 (1st Cir. 1997); Stanford v. AT&T Corp., 927 F. Supp. 524, 527 (D. Mass. 1996); Fuller v. Connecticut General Life Ins. Co., 733 F. Supp. 462, 463 (D. Mass. 1990); Jorstad v. Connecticut General Life Ins. Co., 844 F. Supp. 46, 48 (D. Mass. 1994); Charlton Memorial Hospital v. Foxboro Co., 818 F. Supp. 456, 459 (D. Mass. 1993); Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991 (9th Cir. 2000)(collecting cases); Zimmerman v. Sloss Equip., Inc., 72 F.3d 822 (10th Cir. 1995) (collecting cases); Borst v.

1

Chevron Corp., 36 F.3d 1308 (5th Cir. 1994), cert. denied, 514 U.S. 1066 (1995); Houghton v. SIPCO, Inc., 38 F.3d 953 (8th Cir. 1994); Blake v. Unionmutual Stock Life Inc. Co., 906 F.2d 1525 (11th Cir. 1990); Turner v. CF&I Steel Corp., 770 F.2d 43 (3d Cir. 1985), cert. denied, 474 U.S. 1058 (1986); Wardle v. Central States, S.E. and S.W. Areas Pension Funds, 627 F. 2d 820 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981).

The courts in this district have based their denial of a jury trial on the fact that all remedies sought under ERISA are equitable in nature -- even claims merely seeking plan benefits -- for which no jury trial is available. Stanford, 927 F. Supp. at 527, Fuller, 733 F. Supp. at 463.

This Court should adopt the reasoning of all of the courts in this district and elsewhere which have addressed this issue and strike Plaintiff's jury demand.

Respectfully Submitted,
Defendant Hartford Life & Accident
Insurance Company, By:

CREVIER & RYAN, LLP.

_____
David B. Crevier
BBO #557242
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 29 day of June, 2004.

_____