UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN LUCEY, <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD LIFE and ACCIDENT INSURANCE COMPANY, <br><br> Defendant. | 04-CV-10800-NG |

### DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Hartford Life and Accident Insurance Company ("Hartford or Defendant") hereby answers Plaintiff's complaint, with the corresponding numbered paragraphs, as follows:

1. Defendant states that it admits that the Plaintiff is an individual but lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant states that the allegations in Paragraph 3 are legal conclusions to which a response is not required. Defendant, however, admits that ERISA governs this action.

4. Defendant states that it lacks knowledge or information sufficient either to admit or deny that the Ms. Lucey was an employee for Wainwright Bank & Trust Company for approximately four years. Defendant admits to the remainder of the allegations in Paragraph 4.

5. Defendant states that the allegations in Paragraph 5 are legal conclusions to which a response is not required. Defendant, however, admits that ERISA governs this action.

6. Defendant denies that Hartford is the Plan Administrator. Defendant admits that Hartford provides administrative services to the Plan.

7. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12

13. Defendant admits the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14 as failing to state the entirety of a document that is the best evidence of its contents.

15. Defendant denies the allegations in Paragraph 15 as failing to state the entirety of a document that is the best evidence of its contents.

16. Defendant denies the allegations in Paragraph 16 as failing to state the entirety of a document that is the best evidence of its contents.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 18.

19. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 19.

20. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 20.

21. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 21.

22. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 22.

23. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 23.

24. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in Paragraph 24.

25. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in the first sentence of Paragraph 25. Defendant denies the allegations in the second sentence of Paragraph 25.

26. Defendant admits that Ms. Lucey attended a one-year secretarial program, but lacks knowledge or information sufficient either to admit or deny the remainder of the allegations in the first sentence of Paragraph 26. Defendant denies the allegations in the second sentence of Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. All prior responses are hereby restated.

30. Defendant states that the allegations in Paragraph 30 are legal conclusions to which a response is not required. To the extent Paragraph 30 is deemed to allege facts, Hartford denies such allegations.

31. Defendant states that the allegations in Paragraph 31 are legal conclusions to which a response is not required. To the extent Paragraph 31 is deemed to allege facts, Hartford denies such allegations.

32. Defendant states that the allegations in Paragraph 32 are legal conclusions to which a response is not required. To the extent Paragraph 32 is deemed to allege facts, Hartford denies such allegations.

33. Defendant states that the allegations in Paragraph 33 are legal conclusions to which a response is not required.

## AFFIRMATIVE DEFENSES

1. Plaintiff is subject to any and all offsets to benefits set forth in the operative policy.

Hartford Life and Accident Insurance Company

By its Attorney,

David B. Crevier, BBO # 557242
Theodore F. Glockner, BBO # 629469
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400
Fax: (413) 781-8235
Email: Dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 24 day of JUNE, 2004.