UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARILYN LUCEY, | ) | Civil Action 04-CV-10800-NG |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Plaintiff Marilyn Lucey ("Lucey") hereby opposes Defendant's Motion to Strike Plaintiff's Jury Demand. Lucey brings this action pursuant to 29 U.S.C.A. § 1132(a)(1)(B), seeking a de novo review of The Hartford's decision to terminate benefits due under the terms of a long-term disability plan.

In Judge Young's recent decision in *Radford Trust v. First Unum Life Ins. Co. of America*, the "case stated" procedure fully resolved the plaintiff's claim. 2004 WL 1368406 (D.Mass. June 15, 2004). Nonetheless, the Court assessed the right to a jury trial under ERISA. "Although the First Circuit has largely reserved questions regarding the availability of jury trials in ERISA cases, it has specifically held that jury trials are unavailable in cases where decision is based entirely on an agreed administrative record and an arbitrary and capricious standard applies" *Id.* at *10 *citing Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 826-27 (1st Cir.1997). Judge Young then proceeds with passionate commentary on the valuable role juries play in ERISA cases, observing that the courts which "have interpreted ERISA to restrict or eliminate the role of juries in deciding disputes between claimants and insurers" . . . "have removed one of the most important guarantees of fairness in the judicial process." *Id.* at *12. Further,

Juries are the great leveling and democratizing element in the law. They give it its authority and generalized acceptance in ways that imposing buildings and sonorous openings cannot hope to match. Every step away from juries is a step which ultimately weakens the judiciary as the third branch of government." *Id.* at *13.

The case at bar is distinguishable from other decisions in the Massachusetts District Court eliminating the plaintiff's claim for a jury trial. *See Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co.*, 188 F.Supp.2d 23 (D. Mass. 2002); *Turner v. Fallon Community Health Plan Inc.*, 953 F.Supp. 419 *aff'd*, 127 F.3d 196 (1st Cir. 1997); *Stanford v. AT&T Corp.*, 927 F.Supp. 524 (D. Mass. 1996); *Vartanian v. Monsanto Co.*, 880 F.Supp. 63 (D. Mass. 1995); *Jorstad v. Connecticut General Life Ins. Co.*, 844 F.Supp. 46 (D. Mass. 1994); *Charlton Memorial Hospital v. Foxboro Co.*, 818 F.Supp. 456 (D. Mass. 1993); *Fuller v. Conn. Gen. Life Ins. Co.*, 733 F.Supp. 462 (D. Mass. 1990). Unlike the case at bar, the above-cited actions alleged: (1) employer misrepresentations; (2) a plan administrator's abuse of discretion; or (3) state law claims. The focus of Lucey's case is not the plan administrator's abuse of discretion, but whether the decision to deny benefits was supported by substantial evidence and in accord with established definitions of disability. *See* Complaint at ¶¶ 31, 32. In essence, Lucey asserts a straightforward breach of contract claim for money damages, dependent upon a factual determination about how Lucey's illness affects her daily major life activities. Lucey thus can show "entitlement to benefits due immediately and unconditionally" – within the category of claims where an ERISA plaintiff is entitled to a jury trial. *Vartanian* 880 F.Supp. at 72; *Fuller*, 733 F.Supp. at 463-64 (internal quotation marks omitted).

Plaintiff's jury trial claim is not foreclosed by ERISA or any ruling by the First Circuit. Moreover, *Radford Trust* suggests there is a benefit to permitting a jury trial in circumstances such as those presented here. This Court should permit Plaintiff's jury demand because the nature of Plaintiff's

claim and the remedy sought are legal and not equitable in nature.

|  |  |
|---|---|
| Date: July 20, 2004 | Respectfully submitted,<br>Marilyn Lucey<br><br>By her attorneys,<br><br>_____<br>Edward S. Englander (BBO # 154540)<br>Denise A. Chicoine (BBO # 564152)<br>ENGLANDER & CHICOINE P.C.<br>Two Newton Place, Suite 200<br>Newton, MA 02458-1633<br>Tel. (617) 964-5400 |