UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
MARILYN LUCEY,                              )
                                            )
             Plaintiff,                     )
v.                                          )   04-CV-10800-NG
                                            )
HARTFORD LIFE and ACCIDENT INSURANCE COMPANY, )
                                            )
             Defendant.                     )
_____)

<u>DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE JURY DEMAND</u>

Defendant, Hartford Life and Accident Insurance Company ("Hartford") hereby replies to Plaintiff's opposition to Hartford's motion to strike Plaintiff's request for a jury demand. As set forth below, Plaintiff not only failed to refute the reasoning of the numerous courts cited in Defendant's brief which have held that an ERISA Plaintiff is not entitled to a jury trial for a benefits claim under 29 U.S.C. § 1132(a)(1)(B), she recited precedent from the First Circuit that clearly precludes her right to a jury trial.

Plaintiff expressly concedes that the First Circuit has held that jury trials are unavailable where an ERISA benefits claim under 29 U.S.C. § 1132(a)(1)(B) is decided on an administrative record and an arbitrary and capricious standard applies.  <u>Liston v. Unum Corp. Officer Severance Plan,</u> 330 F.3d 19, 24 and n.4 (1st Cir 2003); <u>Recupero v. New England Tel. & Tel. Co.</u>, 118 F.3d 820, 831-32 (1st Cir. 1997); <u>Radford Trust v. First Unum Life Ins. Co.</u>, 2004 WL 1368406 (D. Mass. 2004).   These elements are satisfied in this case.

First, Plaintiff's plan benefit claim is expressly brought under 29 U.S.C. § 1132(a)(1)(B). Second, this case will be adjudicated under the arbitrary and capricious standard.  In <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989) the Supreme Court determined that the

1

arbitrary and capricious standard of review applies where the plan at issue "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone v. Bruch, 489 U.S. 101, 115 (1988); accord, Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998). While there are no magic words that confer discretion, "when a grant of discretionary authority is found," the arbitrary and capricious standard of review applies. Brigham v. Sun Life of Canada, 317 F. 3d 72, 81 (1st Cir. 2003); citing, Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997).

In the present case, the Plan's language clearly grants Hartford the authority to determine eligibility and construe the Plan's terms requiring discretionary review under the arbitrary and capricious standard. The Plan's provisions relevant to discretionary review are contained in the Summary Plan Description ("SPD"), a copy of which was submitted to the Court by the Plaintiff as an Exhibit to her complaint. The Plan states the following discretionary language:

> Written proof of loss must be sent to The Hartford within 90 days after the start of the period for which The Hartford owes payment. After that, The Hartford may require further written proof that you are still Disabled.
>
> * * *
>
> **The Hartford reserves the right to determine if proof of loss is satisfactory.**

SPD at 25, attached as Exhibit A to Plaintiff's Complaint (emphasis added).

Numerous courts have determined that Plan provisions requiring proof satisfactory to the plan administrator conferred adequate discretion for discretionary review. See, Brigham v. Sun Life of Canada, 317 F.3d 72 (1st Cir. 2003)(In dicta, no error where plan required "evidence satisfactory" to administrator); Guarino v. Metropolitan Life Insurance Company, 915 F. Supp. 435, 444 (D. Mass. 1995)(Plan language required "proof of claim must be satisfactory to the Insurance Company."); Ferrari v. Teachers Ins. And Annuity Ass'n, 278 F.3d 1263, 1267-8 (8th

Cir. 2002)(same); Donato v. Metropolitan Life Ins. Co., 19F.3d 375, 379 (7th Cir. 1994)(same). In Brigham, the First Circuit cited numerous cases interpreting similar "satisfactory to the administrator" provisions and acknowledged that that "with the possible exception of the Second Circuit in dicta, no federal appeals court has viewed the type of language at issue in this case [i.e. evidence satisfactory to the administrator] as inadequate to confer discretion on the plan administrator."[1]  317 F. 3d at 82.

Because this case is one through which Plaintiff seeks benefits under 29 U.S.C. § 1132(a)(1)(B) and it will be reviewed under the arbitrary and capricious standard, Plaintiff is not entitled to a jury trial.

Plaintiff's sole argument in response to Hartford's motion to strike was to cite dicta from two cases, Vartanian v. Monsanto Co., 880 F. Supp. 63 (D. Mass. 1995) and Fuller v. Connecticut Gen. Life Ins. Co., 733 F. Supp. 462 (D. Mass. 1990), for the otherwise unsupported allegation that there may be a limited category of cases in which a plaintiff is entitled to a jury for an ERISA benefits claim.   Plaintiff's argument lacks merit.   In both Fuller and Vartanian, this Court held that the ERISA Plaintiff was not entitled to a jury trial.  In Fuller, which is analogous to the instant case, Judge Freedman held that the court -- not a jury -- had to determine whether or not the administrator abused its discretion in denying the Plaintiff's demand for plan benefits.  733 F.Supp. 462.  The reason Plaintiff cites only dicta is that no support exists for Plaintiff's argument against the weight of enormous precedent demonstrating that Plaintiff is not

---

[1] The First Circuit did not rule directly on this issue because the adequacy of the language was not raised in the trial Court.  The Court cited the "well worn principle that 'arguments not seasonably raised in the district court cannot be raised for the first time on appeal." 317 F.3d at 82.  The Court then concluded that "As matters stand, given the widespread acceptance of the view that the language here triggers discretionary review assures us that adhering to our raise or waive rule results in no injustice in this case." Id. at 82.

entitled to a jury trial.  In addition to failing to make any argument in support of her claim to a jury trial, Plaintiff also fails to distinguish the numerous cases from this Court cited by Hartford holding that a plaintiff is not entitled to a jury when seeking benefits under 29 U.S.C. § 1132(a)(1)(B), the precise statutory provision on which Plaintiff expressly bases her claim. Complaint at Par. 33.

    For the reasons stated herein and in Hartford's motion to strike, Hartford requests that the Court strike Plaintiff's jury demand.

    Respectfully Submitted,
Defendant Hartford Life & Accident Insurance Company, By:

CREVIER & RYAN, LLP.

/s/David B. Crevier
David B. Crevier
BBO #557242
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235

## CERTIFICATE OF SERVICE

    I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 22 day of July, 20054.

/s/David B. Crevier
David B. Crevier