UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN LUCEY,<br><br>        Plaintiff,<br>v.<br><br>HARTFORD LIFE and ACCIDENT INSURANCE COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   04-CV-10800-NG<br>)<br>)<br>)<br>)<br>) |

### JOINT STATEMENT REGARDING PRETRIAL MATTERS

Pursuant to Local Rule 16.1, the Defendant Hartford Life and Accident Insurance Company ("Hartford"), and the Plaintiff Marilyn Lucey ("Lucey") file this Joint Statement Regarding Pretrial Matters.

1.    Proposed Discovery Plan and Schedule for Motions

     The parties propose the schedule set forth below for consideration by the Court. The parties do not wish to conduct phased discovery.

a.    Motions to join additional parties and to amend the pleadings must be filed by **December 1, 2004**.

b.    Insofar as this matter solely concerns the Court's review of a claim for benefits under ERISA, which shall be limited to the Court's review of the administrative record, the Court orders that the Defendant provide to Plaintiff on or before **January 15, 2005**, a Proposed Record for Judicial Review ("Proposed Record") as follows. The Proposed Record shall consist of the following documents unredacted, and arranged in an orderly fashion:1) all non-privileged documents

contained in the Defendant's claim file concerning Plaintiff's claim; and 2) all relevant plan documents in the possession of the Defendant.

c. Upon receiving the Proposed Record, the Plaintiff shall review the documents submitted as part of the record and identify those documents containing information that must be redacted or filed under seal pursuant to Rule 5.3 of This Court's Rules (amendment effective May 6, 2003). Plaintiff shall bear sole responsibility for identifying information that must be redacted or filed under seal pursuant to Rule 5.3. Plaintiff shall notify Defendant's counsel in writing by **February 15, 2005**, providing a list of all information it seeks to redact, or file under seal pursuant to Local Rules 5.3. If the Defendant objects to the proposed redaction or filing under seal of any of the information proposed to be redacted or sealed by Plaintiff, the parties shall confer in an attempt to resolve those issues. If the issues cannot be resolved, either party may file a motion with the Court seeking a ruling on any such issues said motion to be filed on or before **March 1, 2005**. Alternatively, either party may file a motion to seal the entire Record for Judicial Review, on or before **May 26, 2005**.

d. If after receiving the Proposed Record the Plaintiff claims that the Proposed Record is incomplete or inaccurate in any way, she must notify the Defendant's counsel in writing of the same by **March 15, 2005**. If the Plaintiff does not provide such notice by **March 15, 2005**, then the Defendant shall file with the Court each of the documents previously served on Plaintiff entitled as "Agreed Upon and Complete Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to agree upon the

contents of the Record for Judicial Review by **April 1, 2005**. If the parties come to an agreement, they are to immediately file an "Agreed Upon and Complete Record For Judicial Review." If the parties cannot agree on the Record For Judicial Review, then the parties shall file with the Court by **April 15, 2005**, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the Record For Judicial Review, the parties shall file memoranda concerning any additional material they seek to have added to the Record For Judicial Review by **May 16, 2005**.

e.  If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by **May 16, 2005**. Counsel to any party not proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

f.  If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the Record For Judicial Review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the

disposition of this civil action. Any request for such evidentiary hearing must be filed by **May 16, 2005**. Counsel to any party not proposing the evidentiary hearing shall have two weeks from the service of a request for such a hearing to file an opposition thereto.

g.  Insofar as this matter involves the review of an administrative record whose content will be decided based on the methodology set forth herein, the parties are relieved on any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. See, Fed. R. Civ. P. 26(a)(1)(E).

h.  Any party filing a Motion for Summary Judgment, shall do so on or before **July 1, 2005**.

i.  Any party filing an Opposition to a Motion for Summary Judgment shall do so on or before **July 22, 2005**.

j.  To the extent that the parties' Summary Judgment Motions do not decide all of the claims and defenses between the parties, the Court shall conduct a bench trial on the papers in accordance with the Federal Rule of Civil Procedure 52(a). In such a trial the Court will rely on the Record for Judicial Review and the parties' Summary Judgment Motions and memoranda of law then on file with the Court. See, Radford Trust v. First Unum Life Insurance Company, 321 F. Supp. 2d 226, 239-240 (D. Mass. 2004); Digregorio v. Pricewaterhouse Coopers Long Term Disability Plan, et. al., 2004 WL 1774566 (D. Mass. 2004).

Respectfully Submitted, Defendant
Hartford Life and Accident Insurance
Company,
By:

*/s/ Theodore Glockner*

Theodore Glockner
BBO No. 629469
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2200
Springfield, MA 01115-5532
(413) 787-2400

Respectfully Submitted,
Plaintiff, Marilyn Lucey
By:

*/s/ Denise Chicoine*

Denise A. Chicoine
BBO No. 564152
ENGLANDER & CHICOINE
2 Newton Place, Suite 200
Newton, MA 02458-1633
Tel: (617) 964-5400

2A. <u>Certification Regarding Costs And Alternate Dispute Resolution</u>

We hereby certify that we have conferred with a view to establishing a budget for the costs of conducting the full course—and various alternative courses-- of the litigation; and that we have considered the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Hartford Life and Accident Insurance Company,

_____
By: LAURA GOLD BECKER
Its: Contractor Attorney


Counsel to Hartford Life and Accident Insurance Company,

_____
David B. Crevier
Theodore F. Glockner