UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARILYN LUCEY, | ) | Civil Action 04-CV-10800-NG |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant | ) | |

## MOTION TO DEFINE THE PROPER SCOPE OF
## THE RECORD FOR JUDICIAL REVIEW

NOW COMES the Plaintiff Marilyn Lucey ("Ms. Lucey") to move this Court to include in the Record for Judicial Review certain information about the plaintiff's medical treatment. In support hereof, the Plaintiff states the following.

1.   On November 11, 2002 Defendant The Hartford denied Ms. Lucey's long-term disability benefits.

2.   On January 14, 2003 Ms. Lucey appealed Defendant's decision. In this letter, Ms. Lucey notified The Hartford that she would be undergoing surgery prior to the end of February 2003 due to an ulcerated colon.

3.   Despite Ms. Lucey's best efforts, the medical records from Frank Opelka, M.D. regarding her surgery in late February 2003 and her recovery ("Dr. Opelka's records") were not in Ms. Lucey's possession in May 2003 when The Hartford denied her appeal.

4.   The Hartford's plan governing Ms. Lucey's claim states in regard to proof that a claimant is still disabled:

Page 1 of 5

If proof is not given by the time it is due, it will not affect the claim if:

    (1) it was not possible to give proof within the required time; and

    (2) proof is given as soon as possible; but

    (3) not later than 1 year after it is due, unless you are not legally competent.

*See* Complaint Exhibit A, Summary Plan Description for Group Long Term Disability Insurance Plan for Employees of Trustees of the Massachusetts Bankers Association Group Insurance Trust, p. 25.

5.    Pursuant to the proof of disability provision in Defendant's plan, Ms. Lucey provided Dr. Opelka's records to the Hartford as soon as possible, on September 10, 2003.

6.    The medical records Plaintiff seeks to include in the Record for Judicial Review are critical to the determination of whether Ms. Lucey was disabled as defined by Defendant's plan.

7.    Dr. Opelka's records document the surgery Ms. Lucey underwent on February 20, 2003, an ileocolic resection and anastomosis.  These records indicate the surgery was prompted by the significant decline in Ms. Lucey's medical condition and increasing symptoms of Crohn's disease during December 2002, January 2003, and February 2003.  The records document Ms. Lucey's slow and difficult recovery from the surgery.

8.    The facts contained in Dr. Opelka's records bear directly on the determination whether Ms. Lucey is prevented by Crohn's Disease from performing any occupation for which she is qualified.

9.    The medical records Plaintiff seeks to include in the Record for Judicial Review are as follows:

a) Dr. Opelka's February 12, 2003 correspondence;

b) Dr. Opelka's February 20, 2003 operative note;

c) Dr. Opelka's March 1, 2003 discharge report;

d) Dr. Opelka's March 17, 2003 correspondence;

e) March 25, 2003 Radiological Report

f) March 31, 2003 Radiological Report

g) Dr. Opelka's April 9, 2003 correspondence;

h) Dr. Opelka's April 25, 2003 correspondence;

i) Dr. Opelka's May 9, 2003 correspondence; and

j) May 9, 2003 Radiological Report.

Dr. Opelka's records are attached as Exhibit 1.

10.     It is appropriate to include the proffered medical records because the Court will engage in de novo review of Defendant's decision to terminate benefits. Under the standard utilized in *DiGregorio v. Price Waterhouse*, 2004 WL 1774566 at *12-*14 (August 9, 2004) (Woodlock, J.), the language in the plan at issue in this case is not sufficient to negate the presumption of de novo review.


**WHEREFORE** the Plaintiff seeks to have the records regarding her surgery in 2003 included in the Record for Judicial Review. In the alternative, Plaintiff requests the Court to authorized limited discovery regarding the proper scope of the Record for Judicial Review.

Respectfully submitted,
Marilyn Lucey

By her attorneys,

Date:   December 20, 2004

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400

## CERTIFICATION

Pursuant to Local Rule 7.1 and F.R.Civ.P. Rule 37(a)(2)(A), I certify that I have conferred with counsel for Defendant The Hartford and together we attempted in good faith to resolve and narrow the issues in dispute. On November 30, 2004, I sent a letter to Defendant's counsel, Theodore Glockner, explaining the relevance of and grounds for Plaintiff seeking the inclusion of the medical records in the Record for Judicial Review. On December 3, 2004, Attorney Glockner responded and provided the grounds for his objection to including the proposed medical records.

Denise A. Chicoine, Esq.

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, hereby certify that I served the enclosed

**MOTION TO DEFINE THE PROPER SCOPE OF THE RECORD FOR JUDICIAL REVIEW**

on counsel of record by sending a true copy of same to:

Theodore F. Glockner, Esq.
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5727

via electronic delivery and first class mail postage pre-paid this twentieth day of December, 2004.

Denise A. Chicoine, Esq.