UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN LUCEY, <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD LIFE and ACCIDENT INSURANCE COMPANY, <br><br> Defendant. | 04-CV-10800-NG |

### DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO DEFINE THE PROPER SCOPE OF THE RECORD FOR JUDICIAL REVIEW

Defendant Hartford Life and Accident Insurance Company ("Hartford") hereby opposes Plaintiff's Motion to Define the Proper Scope of the Record For Judicial Review ("Motion to Supplement"). As set forth below, Plaintiff's motion is misnamed as it actually is a motion to supplement the record that provided the basis for the administrative decision to be reviewed by the Court. As set forth below, contrary to Plaintiff's argument, the Court should not allow Plaintiff to supplement the record for judicial review with evidence that was not produced as part of the administrative decision that is being reviewed by the Court. Accordingly, the Court must deny Plaintiff's motion.

### FACTS

1. Plaintiff seeks to recover long term disability ("LTD") benefits under the Group Long Term Disability Insurance Plan for Employees of Trustees of the Massachusetts Bankers Association Group Insurance Trust (the "Plan"). Complaint at Par. 4. A copy of the Plan, which was attached as Exhibit A to the Complaint, is attached hereto as Exhibit 1.

2. The Plan is an employee welfare benefit plan subject to the provisions of the Employee Retirement Income Security Act ("ERISA"). <u>Complaint</u> at Par. 2.

3. By letter dated November 11, 2002, a copy of which is attached hereto as Exhibit 2, Hartford informed Plaintiff that she did not satisfy the definition of Disability under the Plan as of October 31, 2002 and informed Plaintiff that she was not entitled to benefits under the Plan beyond that date (the "Initial Denial"). <u>See</u> <u>Complaint</u> at Par. 10; <u>see</u>, <u>also</u>, Affidavit of Theodore F. Glockner, Esq., authenticating Hartford's correspondence, attached hereto as Exhibit 3.

4. As part of the November 11, 2002 Initial Denial, Hartford informed Plaintiff that she had 180 days to appeal Hartford's decision and that as part of the appeal she "may submit written comments, documents, and other information related to your claim."

5. Following receipt of a letter from Plaintiff's counsel notifying Hartford that Plaintiff was appealing, by letter dated February 4, 2003 (mislabeled as February 4, 2002), a copy of which is attached as Exhibit 4, Hartford again informed Plaintiff that "Please note that your complete appeal must be submitted to us within 180 days of the date of our claim decision. If we do not receive additional information by that time, we will evaluate your appeal using the information currently in our file." <u>See</u>, Affidavit of Theodore F. Glockner, Esq., authenticating Hartford's Correspondence, attached hereto as Exhibit 3.

6. By letter dated May 13, 2003, a copy of which is attached as Exhibit 5, Hartford informed Plaintiff that it had begun the appeal process and that an appeal specialist would review all documents in the claim file within 45 days and issue Hartford's

decision on appeal. See, Affidavit of Theodore F. Glockner, Esq., authenticating Hartford's correspondence, attached hereto as Exhibit 3

7. On May 20, 2003, Hartford denied Plaintiff's appeal. Complaint at Par. 12.

8. On or about September 10, 2003 – **4 months after Hartford had denied her appeal after numerous notices that the record had to be complete,** Plaintiff provided Hartford with supplemental records many of which existed 3 months prior to Hartford's denial of Plaintiff's appeal and 7 months before the records were submitted to Hartford. Motion to Supplement at Par. 5, 9.

## ARGUMENT

I. The Court Must Not Supplement The Administrative Record To Include Evidence Not Presented to Hartford At the Time It Denied Plaintiff's Appeal

The Court must not allow Plaintiff to supplement the record for judicial review with evidence that Plaintiff failed to provide to Hartford during Hartford's consideration of her appeal. The First Circuit has instructed that there is a strong presumption that a Court's deferential review of a plan administrator's benefit decision is limited to the evidentiary record presented to the administrator. See, Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003). As detailed below, this Court must review Hartford's decision under a deferential standard of review, and therefore the Court must apply a strong presumption against supplementing the record. This strong presumption may only be overcome in unique circumstances, none of which are present here. Id.

A. The Court Must Apply Deferential Review to The Plan's Denial of Plaintiff's Claim

The Plan's denial of Plaintiff's ERISA benefits claim, brought under ERISA Section 502, 29 U.S.C. § 1132, must be reviewed under the arbitrary and capricious standard of review. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court determined

that the arbitrary and capricious standard of review applies where the plan at issue "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone v. Bruch, 489 U.S. 101, 115 (1988); accord, Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998). While there are no magic words that confer discretion, "when a grant of discretionary authority is found," the arbitrary and capricious standard of review applies. Brigham v. Sun Life of Canada, 317 F. 3d 72, 81 (1st Cir. 2003); citing, Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997).

In the present case, the Plan provides that **"The Hartford reserves the right to determine if proof of loss is satisfactory."** The Plan, attached as Exhibit 1, at 25 (emphasis added). This language, vesting Hartford with the right to determine whether proof of loss is satisfactory confers sufficient discretion to mandate discretionary review.

Numerous Courts have determined that Plan language allowing the plan administrator to determine if proof was satisfactory – as is the case here -- conferred adequate discretion to mandate discretionary review. See, Brigham v. Sun Life of Canada, 317 F.3d 72 (1st Cir. 2003)(In dicta, no error where plan required "evidence satisfactory" to administrator); Guarino v. Metropolitan Life Insurance Company, 915 F. Supp. 435, 444 (D. Mass. 1995)(Plan language required "proof of claim must be satisfactory to the Insurance Company."); Ferrari v. Teachers Ins. And Annuity Ass'n, 278 F.3d 1263, 1267-8 (8th Cir. 2002)(same); Donato v. Metropolitan Life Ins. Co., 19F.3d 375, 379 (7th Cir. 1994)(same).

In Brigham v. Sun Life of Canada, supra, the First Circuit addressed "what language constitutes a sufficiently clear grant of discretionary authority to transform judicial review from de novo to deferential." 317 F. 3d at 81. The plan at issue in Brigham provided that "the insurer 'may require proof in connection with the terms or benefits of [the] Policy . . . If proof is

required, we must be provided with such evidence *satisfactory to us* as we may reasonably require under the circumstances (emphasis added)." Id. The First Circuit cited numerous cases interpreting similar "satisfactory to the administrator" provisions and acknowledged that "with the possible exception of the Second Circuit in dicta, no federal appeals court has viewed the type of language at issue in this case [i.e. evidence satisfactory to the administrator] as inadequate to confer discretion on the plan administrator."[1] 317 F. 3d at 82.

Furthermore, in Guarino v. Metropolitan Life Insurance Company, this Court examined language almost identical to the Plan in this case and concluded that the language "in toto" required discretionary review. Guarino v. Metropolitan Life Ins. Co., 915 F. Supp. 435, 443 (D. Mass. 1995). The Guarino plan documents stated:

> Written proof covering the occurrence, character and extent of disability must be furnished to the Insurance Company within the period of 90 days following commencement of 'total disability'...Thereafter written proof of the continuance of such disability must be furnished to the Insurance Company...*All proof of claim must be satisfactory to the Insurance Company.*

Guarino, 915 F. Supp. at 444, (emphasis in original).

Simply stated, because the Plan provides Hartford with "the right to determine if proof of loss is satisfactory," it confers sufficient discretion on Hartford to mandate discretionary review by this Court.[2]

---

[1] The First Circuit did not rule directly on this issue because the adequacy of the language was not raised in the trial Court. The Court cited the "well worn principle that 'arguments not seasonably raised in the district court cannot be raised for the first time on appeal." Brigham, 317 F.3d at 82. The Court then concluded that "As matters stand, given the widespread acceptance of the view that the language here triggers discretionary review assures us that adhering to our raise or waive rule results in no injustice in this case." Id. at 82.

[2] Without providing any analysis or language for comparison, Plaintiff cites Judge Woodlock's recent decision in DiGregorio v. Price Waterhouse, 2004 WL 1774566 at *12 - *14 (August 9, 2004) for the proposition that the Plan in this case does not confer discretion on Hartford. Motion to Supplement at Par. 10. In DiGregorio – unlike the instant case and Brigham – there was no language vesting the benefits decision maker with "the right to determine if the proof of loss is satisfactory." Because the Plan in this case clearly provides Hartford with the "right to determine if proof is loss is satisfactory" – it does not merely require submission of satisfactory proof – the Plan provides the basis for discretionary review.

B.    The Court Must Not Allow Plaintiff to Supplement the Administrative Record

As detailed above, the Court must review Hartford's decision to terminate Plaintiff's benefits under the arbitrary and capricious standard of review.[3] Under this standard, the First Circuit has held:

> In reviewing an ERISA determination for arbitrariness, we and the overwhelming majority of other circuits have held that there is a strong presumption that the required deferential review of a plan administrator's benefit decision should be limited to the evidentiary record presented to the administrator. See, Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003).

Lopes v. Metropolitan Life Ins. Co., 332 F. 3d 1, 5 (1st Cir. 2003).

The rationale for limiting the Record for Judicial review to the evidence before the administrator at the time it made its benefit determination is clear. The Court's role in deciding if an administrator acted arbitrarily and capriciously is to review the Record before the administrator, and then determine if the administrator acted unreasonably with respect to **that** Record. See, Lopes, 332 F. 3d at 5; accord; Liston, 330 F.3d at 24. Stated alternatively, "it is

---

[3] Even if de novo review was appropriate – which it is not – the Plaintiff would not be permitted to supplement the record. While the First Circuit has not decided this issue, it has recognized a split in the Circuit Courts and acknowledged that "[e]ven where *de novo* review exists under ERISA, it is at least doubtful that courts should be in any hurry to consider evidence or claims not presented to the plan administrator." Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 24 (1st Cir. 2003), citing Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 616 (6th Cir. 1998) ("when conducting a *de novo* review, the district court must take a 'fresh look' at the administrative record but may not consider new evidence or look beyond the record that was before the plan administrator").

The Sixth Circuit rule, limiting the Court's review to the administrative record before the administrator at the time the final decision was made, best supports ERISA's goal to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Perry v. Simplicity Engineering, 900 F.2d 963, 966 (6th Cir. 1990) ("the district court will review the administrator's decision de novo, that is without deference to the decision or any presumption of correctness, based on the record before the administrator."); See 1974 U.S. Code Cong. & Admin. News 4639, 5000. To allow Plaintiff to supplement the record with evidence not presented to the administrators during the decision-making process "would [force the Court to] function as substitute plan administrators" and "frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme." Perry, 900 F.2d at 966. Moreover, establishing a rule to the contrary and allowing Plaintiffs to supplement the judicial record with evidence not before the plan administrator, would render the entire ERISA administrative process moot, harming employees and beneficiaries who are entitled under ERISA to the prompt, inexpensive resolution of their claims.

anomalous to suggest that an administrator acted unreasonably 'by ignoring information never presented to it.'" Lopes, 332 F.3d at 5; citing, Liston, 330 F.3d at 23.

Moreover, ERISA's exhaustion of remedies requirements would be rendered meaningless if a claimant could simply submit his evidence to a court for its consideration for the first time. Liston, 330 F.3d at 24 ("Exhaustion of remedies principles point in this direction, even if *no* deference were due to the administrator's determination"). Similarly, ERISA's full and fair review requirements, stated in ERISA Section 503, would be vitiated if a Plaintiff could simply skip the administrative appeal of his claim and present his evidence to the Court for its consideration. As the Fifth Circuit held, "if a claimant believes that the district court is a better forum to present his evidence, and we permit the claimant to do so, the administrator's review of claims will be circumvented." Vega v. National Life Insurance Services, Inc., 188 F.3d 287, 300 (5th Cir. 1999). Therefore, the Administrative Record in this case must be limited to the evidence before Hartford at the time it denied Plaintiff's appeal.

C.   Plaintiff Proffers No Basis For Overcoming the Strong Presumption

The "strong presumption" limiting the Record can only be overcome in unique circumstances, such as where: 1) the "decisional process is too informal to provide a record" or; 2) where there has been "corruption" or other acts which effected the administrator's decision, and which were not documented in the Record. Liston, 330 F.3d at 23. In support of her Motion to Supplement, Plaintiff offers no cognizable argument to overcome the strong presumption against admitting the supplemental evidence. Plaintiff has not identified any flaw in the "the decisional process," or any other reasons, which would require the Court to re-open the Record. Nor is there any reason for the Court to reach such a conclusion.

To the contrary, Plaintiff's sole misplaced argument is that the Plan permits Plaintiff to supplement the administrative record with proof of her disability. Plaintiff's argument is based on the Proof of Loss provision in the Plan which provides:

> Written proof of loss must be sent to The Hartford within 90 days after the start of the period for which The Hartford owes payment. After that, The Hartford may require further written proof that you are still Disabled. If proof is not given by the time it is due, it will not affect the claim if:
>
> (1) it was not possible to give proof within the required time; and
> (2) proof is given as soon as possible; but
> (3) not later than 1 year after it is due, unless you are not legally competent.

See Exhibit 1, at 25. Plaintiff argues that this provision 1) allows Plaintiff to submit evidence in support of her appeal at any time as long as it is submitted "as soon as possible;" and 2) Plaintiff submitted the February – May, 2003 medical records "as soon as possible" even though many of the records had been created seven months before submission to Hartford. Plaintiff's legal and factual bases both fail.

First, contrary to Plaintiff's suggestion, the Proof of Loss "as soon as possible" exception does not operate to extend the time for submitting evidence in support of an appeal. The "as soon as possible" exception modifies the sole deadline established by the Proof of Loss provision, i.e., the 90 day period to submit the initial proof of loss -- it has no relevance to an appeal of an administrative denial. "Appeals of Claims Denied," a claimants right to submit documentation, and required timing in deciding an appeal are specifically covered in the Plan, and there is no correlation to the "as soon as possible" language on which Plaintiff erroneously relies. See, the Plan, Exhibit 1, at 26. Moreover, contrary to Plaintiff's argument, the "as soon as possible" exception does not operate to allow a claimant to provide qualitatively better proof in support of an appeal. Rather, it merely allows a party to offer proof "as soon as possible" to

the extent a claim was denied due to the party's failure to submit proof prior to the expiration of the 90 day deadline.

Moreover, even if the "Proof of Loss" provisions are construed in the manner proffered by Plaintiff, there is no basis on which this Court could find Plaintiff submitted the supplemental documents "as soon as possible." As detailed above, on November 11, 2002, Hartford denied Plaintiff's claim for failing to prove disability as of October 31, 2002. At that time, Hartford informed Plaintiff that she had 180 days to submit documents in support of an appeal. On February 3, 2003, Hartford again informed Plaintiff that she had 180 days from the date of Hartford's initial denial to submit documents in support of her appeal, and that if she did not do so, Hartford would "evaluate your appeal using the information currently in our file." Finally, on May 13, 2003 - seven days before issuing its decision on appeal, Hartford informed Plaintiff that it had begun the claim process and would decide the appeal within 45 days based on the documents in the claim file.

Notwithstanding Hartford's numerous notices of the need to submit all documents, and the ramifications of failing to do so, Plaintiff did not submit the supplemental documents until September 11, 2003 – 4 months after Hartford decided the appeal and many months (in some cases 7 months) after the medical records were created.

As proffered by Plaintiff, two of the supplemental documents were created in February 2003, four were created in March 2003, two were created in April 2003, and two were created in May 2003 – all in advance of Hartford's May 20, 2003 denial of Plaintiff's appeal. Massachusetts regulations require that "Upon a patient's request, a [medical] licensee shall provide in a timely manner, to a patient, other licensee or other specifically authorized person: 1) the opportunity to inspect that patient's medical record; 2) a copy of such record . . ." 243

C.M.R. s. 2.07(13)(b). The Massachusetts Attorney General Consumer Protection division has opined that "usually two to three weeks is reasonable" as to a medical service provider's compliance with the requirement to provide medical records in a "timely manner." See Exhibit 6 at 2.

Thus, despite numerous notices from Hartford, and ample opportunity to request and obtain medical records, Plaintiff did not submit the supplemental documents to Hartford until 4 months after Hartford's decision and up to 7 months after the records were created. Clearly, Plaintiff's conclusory allegations, unsupported factually in any way, do not provide a basis for the Court to find that Plaintiff submitted the supplemental documents "as soon as possible." Accordingly, even if the Court were to adopt Plaintiff's erroneous position that the record could be supplemented by documents produced "as soon as possible," the Court lacks any basis to find that such standard was satisfied and must deny Plaintiff's request.

## CONCLUSION

For the reasons stated above, the Court must review Hartford's administrative decision based on the evidence presented to Hartford at the time it made its decision and should deny Plaintiff's motion to supplement the record for judicial review.

Respectfully submitted, the Defendant
Hartford Life & Accident Insurance Company
By its Attorneys

David B. Crevier, BBO. No. 557242
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Email: dcrevier@crevierandryan.com
Tel: (413) 787-2400
Facsimile: (413) 781-8235

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to all other parties to this action by first class U.S. mail, postage prepaid, this 28th day of December, 2004.

_____
David B. Crevier