UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARILYN LUCEY, | ) | Civil Action 04-CV-10800-NG |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant | ) | |

**PLAINTIFF'S REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO DEFINE PROPER SCOPE OF
RECORD FOR JUDICIAL REVIEW**

NOW COMES the Plaintiff Marilyn Lucey ("Ms. Lucey") to reply to Defendant Hartford Life and Accident Insurance Company's Opposition to Plaintiff's Motion to Define Proper Scope of Record for Judicial Review.

**ARGUMENT**

**I.   Defendant's Long-term Disability Plan Establishes Discretionary Review Only for Initial Benefit Eligibility, Not for Continuing Disability Benefit Determinations.**

The Supreme Court directed in *Firestone Tire & Rubber Co. v. Bruch* that a denial of benefits challenged under § 1132(a)(1)(B) "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115. The First Circuit has "steadfastly applied *Firestone* to mandate de novo review of benefits determinations unless a benefits plan . . . clearly grant[s] discretionary authority to the administrator." *Terry v. Bayer Corp.*, 145 F.3d 28, 37 (1st Cir.1998) (internal quotations omitted); *see also Radford Trust v. First Unum Life Ins. Co. of America*, 321 F. Supp.2d 226, 238 (D.Mass. 2004). In *Brigham v. Sun Life of Canada*, the First

Circuit concluded a benefit plan which stated "If proof is required, we must be provided with such evidence *satisfactory to us* as we may reasonably require under the circumstances" conferred sufficient discretionary authority to warrant deferential review under *Firestone*. 317 F.3d 72, 81-82 (1st Cir.2003) (emphasis in original). "Though it did not explicitly so hold, the *Brigham* court implied that policy language merely requiring 'satisfactory proof' was insufficient to trigger deferential review." *DiGregorio v. Pricewaterhouse Coopers Long Term Disability Plan*, 2004 WL 1774566, *12 (D.Mass.,2004). The *DiGregorio* Court found that plan language requiring satisfactory proof of disability, without specifying who must be satisfied, "does not negate the presumption of de novo review." *Id.*

There are two provisions in The Hartford's Group Long Term Disability Insurance Plan for Employees of Trustees of the Massachusetts Bankers Association Group Insurance Trust ("the Plan") which indicate the proper standard of review of the administrator's decision is de novo:

1.   Article 1, Benefit Payment Due to Disability, p. 14 contains the following relevant language:

You will be paid a Monthly Benefit if:
  (1)   you become Disabled while insured under this Plan;
  (2)   are Disabled throughout the Elimination Period;
  (3)   you remain Disabled beyond the Elimination Period; and
  (4)   you submit proof of loss satisfactory to The Hartford.
* * *
The Hartford will cease benefit payment on the first to occur of:
  (1)   the date you are no longer Disabled;
  (2)   the date you fail to furnish proof that you are continuously Disabled;
  (3)   the date you refuse to be examined, if The Hartford requires an examination;
  (4)   the date you die; or
  (5)   the date determined from the table below.
  (6)   the date your Current Monthly Earnings exceed 80% of your Pre-disability earnings.

2. Section VII, Claims, Proof of Loss, p. 25 contains the following relevant language:

Written proof of loss must be sent to The Hartford within 90 days after the start of the period for which The Hartford owes payment. After that, The Hartford may require further written proof that you are still Disabled.
\* \* \*
The Hartford reserves the right to determine if proof of loss is satisfactory.

Taken together, these Plan provisions establish a standard for the initial "proof of loss" which differs from the standard for proof of continuing disability. The Plan's Article 1 enumerates four criteria for the payment of a monthly benefit and six criteria for continuing payments of long-term disability benefits. As defined by the Plan, the "proof of loss" is the required submission due "within 90 days after" the first payment period and it is one of the four requirements to begin receiving the monthly benefit. The term of art, "proof of loss," is distinguished in this Plan from proof of continuing disability, which naturally occurs subsequently, but is not mandatory: "*After that*, The Hartford *may* require further written proof that you are still Disabled." The Plan, p. 25 (emphasis added). The failure to furnish proof of continuing disability is one of the six factors which could terminate benefits. The Plan, p. 14.

The Plan provides the administrator with discretionary authority only over the "proof of loss" because the required explicit language refers exclusively to the "proof of loss." The Plan, p. 14 ("You will be paid a Monthly Benefit if . . . (4) you submit proof of loss satisfactory to The Hartford"); *Id.* p. 25 ("The Hartford reserves the right to determine if the proof of loss is satisfactory.") In contrast, the language relating to proof of continuing disability is insufficiently explicit to trigger discretionary review because the Plan simply may require proof of continuing disability, without specifying who must be satisfied: (a) "The Hartford will cease benefit payment on the first to occur of . . . (2) the date you fail to furnish proof that you are continuously Disabled;" (b) "After that, The Hartford may require further

written proof that you are still Disabled." The Plan. pp. 14, 25. The lack of the administrator's discretion to evaluate Ms. Lucey's continuing disability is further evident from a comparison of the language in The Hartford's Plan to other long-term disability plan terms which triggered discretionary review. For example, the plan in the case Defendant cites, *Guarino v. Metropolitan Life Ins. Co.* is markedly different because of the unequivocal statement that "All proof of claim must be satisfactory to the Insurance Company." 915 F. Supp. 435, 443 (D. Mass. 1995); *cf. Terry v. Bayer Corp.*, 145 F.3d 28, 37 (1st Cir. 1998) (finding explicit discretionary authority conferred where "[t]he Company shall have the exclusive right to make any finding of fact necessary or appropriate for any purpose under the Plans including, but not limited to, the determination of the eligibility for and the amount of any benefit payable under the Plans.")

Thus, in accordance with the analysis of *DiGregorio*, the language in Defendant's Plan regarding proof of continuing disability is insufficient to negate the presumption of de novo review. 2004 WL 1774566 at *12-*14. To the extent there is any ambiguity in the plan terms on the question of discretion, the *contra proferentum* rule requires that such terms be construed against The Hartford. *See Radford*, 321 F.Supp.2d at 243.

## II.  De Novo Review Requires the Inclusion of Plaintiff's 2003 Medical Records in the Record for Judicial Review.

"Limiting the administrative record to facts before the plan administrator is contrary to the concept of conducting an independent, de novo review." *Jorstad v. Conn. Gen. Life Ins. Co.*, 844 F.Supp. 46, 56 (D.Mass.,1994). "In all ERISA cases, the inquiry should be searching, that is 'de novo,' but in cases where an ERISA-governed plan [vests] no such discretion . . . the question is

whether the decision was correct." *Radford*, 321 F.Supp.2d at 238-39.

Defendant contends that Ms. Lucey's 2003 medical records should be excluded from the Record for Judicial Review because the Proof of Loss provision in the Plan does not apply to evidence submitted on appeal.[1] There is no basis to conclude, as Defendant asserts, that the "as soon as possible" exception modifies only the first sentence of the Proof of Loss paragraph. It is more logical to interpret the third sentence's use of the all-inclusive term "proof" with the "as soon as possible" exception as applicable to both the "proof of loss" and the "further written proof" described in the second sentence. Although there is a provision for Appeal of Claims Denied on page 26 of the Plan, it does not state any time limit for the submission of supporting documentation. Accordingly, the more specific language in the Proof of Loss paragraph is controlling.

It is important to note that The Hartford was on notice from the date of Ms. Lucey's appeal on January 14, 2003 that she would be undergoing surgery prior to the end of February 2003. Even more significant to a de novo review is the fact that the 2003 medical records are directly relevant to the central question of whether Ms. Lucey is prevented by Crohn's Disease from performing any occupation for which she is qualified.

---

[1] The Proof of Loss provision states:
Written proof of loss must be sent to The Hartford within 90 days after the start of the period for which The Hartford owes payment. After that, The Hartford may require further written proof that you are still Disabled. If proof is not given by the time it is due, it will not affect the claim if:
    (1) it was not possible to give proof within the required time; and
    (2) proof is given as soon as possible; but
    (3) not later than 1 year after it is due, unless you are not legally competent.
The Plan, p. 25.

**CONCLUSION**

The language of the Plan compels the Court to engage in a de novo review of Defendant's decision to terminate Ms. Lucey's long-term disability benefits. Plaintiff's 2003 medical records are therefore properly included in the Record for Judicial Review.

                                      Respectfully submitted,
                                      Marilyn Lucey

                                      By her attorneys,

Date:   January 4, 2005

                                      Edward S. Englander (BBO # 154540)
                                      Denise A. Chicoine (BBO # 564152)
                                      ENGLANDER & CHICOINE P.C.
                                      Two Newton Place, Suite 200
                                      Newton, MA 02458-1633
                                      Tel. (617) 964-5400

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, hereby certify that I served the enclosed

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO DEFINE PROPER SCOPE OF RECORD FOR JUDICIAL REVIEW**

on counsel of record by sending a true copy of same to:

Theodore F. Glockner, Esq.
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5727

via electronic delivery and first class mail postage pre-paid this fourth day of January, 2005.

Denise A. Chicoine, Esq.