UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN LUCEY,<br><br>        Plaintiff,<br><br>v.<br><br>HARTFORD LIFE and ACCIDENT INSURANCE COMPANY,<br><br>        Defendant. | 04-CV-10800-NG |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S SUR-REPLY TO PLAINTIFF'S REPLY BRIEF MOTION TO DEFINE THE PROPER SCOPE OF THE RECORD FOR JUDICIAL REVIEW**

Defendant Hartford Life and Accident Insurance Company ("Hartford") hereby submits its Sur-Reply to Plaintiff's Reply Brief regarding Plaintiff's Motion to Define the Proper Scope of the Record For Judicial Review ("Plaintiff's Reply Brief"). As set forth below, the Court should strike Plaintiff's Reply Brief for failure to comply with Local Rule 7.1(B)(2). In addition, notwithstanding the arguments made in Plaintiff's Reply Brief, the Court must deny Plaintiff's request to supplement the record for judicial review because this case will be decided under the arbitrary and capricious standard.

I.    The Court Must Strike Plaintiff's Reply Brief

Local Rule 7.1(B)(2) provides that with the exception of a motion and its opposition, "all other papers . . ., **whether in the form of a reply brief** or otherwise, may be submitted only with leave of court." On January 4, 2005, Plaintiff submitted Plaintiff's Reply Brief without leave of court and without seeking leave of Court. Accordingly, the Court must strike Plaintiff's Reply Brief.

II.  The Court Must Apply Deferential Review To This Matter

Although Plaintiff concedes that the Plan provides the administrator with discretionary authority over "proof of loss," Plaintiff maintains that "proof of loss" as to which Hartford has discretion is limited to Plaintiff's initial proof of loss, and not Plaintiff's continuing obligation to prove such loss. Plaintiff's argument does not make sense for two reasons: 1) it makes no sense that Hartford would have discretion as to an initial determination of disability but not to the continuing determination of disability; and 2) it is inconsistent with the structure of the Plan and its Proof of Loss provision.

The term "Proof of Loss" is not limited to Plaintiff's initial proof. The section of the Plan entitled "Proof of Loss" by its terms applies to the initial proof of loss and the continuing obligation to provide such proof. That section provides:

**Proof of Loss**

> Written proof of loss must be sent to The Hartford within 90 days after the start of the period for which the Hartford owes payment. **After that, The Hartford may require further written proof that you are still disabled.** . . .
>
> \* \* \*
>
> **The Hartford reserves the right to determine if proof of loss is satisfactory.**

The Plan, attached as Exhibit 1 to Hartford's Opposition, at 25 (emphasis added).

In the instant case, Hartford sought "further written proof" that Plaintiff was disabled as Hartford had the right to do under the Proof of Loss provision in the Policy. Insofar as: 1) Hartford exercised its rights under the Proof of Loss provision to require further written proof; and 2) under the very same Proof of Loss provision "Hartford has the right to determine if proof

of loss is satisfactory," the Plan vested Hartford with the discretion necessary to invoke discretionary review.

## CONCLUSION

For the reasons stated above and in Hartford's previously filed opposition brief, the Court must review Hartford's administrative decision based on the evidence presented to Hartford at the time it made its decision and should deny Plaintiff's motion to supplement the record for judicial review.

Respectfully submitted, the Defendant
Hartford Life & Accident Insurance Company
By its Attorneys,

_____
David B. Crevier, BBO. No. 557242
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Email: dcrevier@crevierandryan.com
Tel: (413) 787-2400
Facsimile: (413) 781-8235

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to all other parties to this action by first class U.S. mail, postage prepaid, this 7th day of January, 2005.

_____
David B. Crevier