UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARILYN LUCEY,<br>        Plaintiff,<br>v.<br><br>HARTFORD LIFE and ACCIDENT INSURANCE COMPANY,<br>        Defendant. | 04-CV-10800-NG |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S SUPPLEMENTAL BRIEF REGARDING THE RECENT FIRST CIRCUIT OPINION ESTABLISHING CONTROLLING PRECEDENT**

Defendant Hartford Life and Accident Insurance Company ("Hartford") hereby submits its Supplemental Brief regarding Plaintiff's Motion to Define the Proper Scope of the Record for Judicial Review ("Plaintiff's Motion to Define Scope"). Currently pending before the Court are Plaintiff's Motion to Define Scope, Hartford's Opposition to Plaintiff's Motion to Define the Proper Scope of the Record for Judicial Review ("Hartford's Opposition"), Plaintiff's Reply to Defendant's Opposition to Motion to Define Proper Scope of Record for Judicial Review ("Plaintiff's Reply"), and Hartford's Sur-Reply to Plaintiff's Reply Brief Motion to Define the Proper Scope of the Record for Judicial Review ("Hartford's Sur-Reply"). As explained below, the First Circuit's recent decision in Orndorf v. Paul Revere Life Insurance Company, 2005 WL 858328 (1st Cir. April 15, 2005) renders Plaintiff's Motion to Define Scope moot.

**ARGUMENT**

The sole articulated basis for Plaintiff's Motion to Define Scope is Plaintiff's belief that if the Court determines that the appropriate standard of review is de novo, then Plaintiff will be entitled to "include the proffered medical records" in the administrative record. Plaintiff's Motion to Define Scope at P. 3; Plaintiff's Reply at P. 6. Hartford relies on the suggestion in

Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 24 (1st Cir. 2003) to support its position that, even if de novo review is the applicable standard of review, Plaintiff is not entitled to supplement the administrative record. Hartford's Opposition at P. 6 n. 3. Liston clearly held that in claims subject to arbitrary and capricious review, the Court's review is limited to the evidentiary record presented to the administrator. Liston, 330 F.3d at 23. Liston also suggested that this same rule would apply to claims subject to de novo review. Liston, 330 F.3d at 24. Despite the fact that Plaintiff filed a reply brief to Hartford's Opposition, Plaintiff declined to distinguish or even mention Liston and instead relied on two District Court cases to support her argument that "de novo review requires the inclusion of Plaintiff's 2003 medical records on the record for judicial review." Plaintiff's Reply at P. 4.

The recent First Circuit opinion in Orndorf v. Paul Revere Life Insurance Company, 2005 WL 858328 (1st Cir. April 15, 2005), attached hereto at Exhibit 1, confirms Hartford's position and extends the holding in Liston to claims subject to de novo review, stating, " the Liston rule about admissibility applies **even when the denial of benefits is subject to de novo review**." Orndorf, 2005 WL 858328 *7 (emphasis added). Together Orndorf and Liston hold that when a Court reviews a denial of disability benefits under ERISA, evidence outside of the administrative record is inadmissible, regardless of whether the denial of benefits is subject to de novo or arbitrary and capricious review. Id; Liston, 330 F.3d at 23.

As such, Plaintiff's request that this Court determine the appropriate standard of review, in order to determine whether or not she can supplement the record, is moot. Plaintiff is not entitled to supplement the record regardless of whether the Court reviews Hartford's denial of benefits under de novo or arbitrary and capricious review.

## CONCLUSION

For the reasons set forth above and in Hartford's Opposition and Sur-Reply, Hartford respectfully requests that this Court deny Plaintiff's Motion to Define the Proper Scope of the Record for Judicial Review.

> Respectfully submitted,
>
> Defendant Hartford Life & Accident Insurance Company
>
> By its Attorneys,
>
> /s/ Katherine R. Parsons
> David B. Crevier, BBO. No. 557242
> Katherine R. Parsons, BBO No. 657280
> CREVIER & RYAN, LLP.
> 1500 Main Street, Suite 2020
> Springfield, MA 01115-5727
> Tel: (413) 787-2400
> Facsimile: (413) 781-8235
> Email: dcrevier@crevierandryan.com
>        kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to all other parties to this action by first class U.S. mail, postage prepaid, this 20th day of April, 2005.

/s/ Katherine R. Parsons