UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARILYN LUCEY, | ) | Civil Action 04-CV-10800-NG |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING RECENT FIRST CIRCUIT OPINION

NOW COMES the Plaintiff Marilyn Lucey ("Ms. Lucey") to reply to the supplemental brief of Defendant Hartford Life and Accident Insurance Company regarding *Orndorf v. Paul Revere Life Insurance Company* 2005 WL 858328 (1st Cir. April 15, 2005).

**ARGUMENT**

**Unlike *Orndorf*, The Hartford Denied Ms. Lucey the Opportunity to Present Critical Medical Evidence in Violation of the Clear Language of the Policy.**

The First Circuit in *Orndorf* states: "There is no claim Orndorf was denied an opportunity to present evidence to the administrator." 2005 WL 858328 at *6. This is precisely what Ms. Lucey is claiming. Ms. Lucey submitted the medical evidence at issue in accordance with The Hartford's procedures, as described at page 25 of the plan:

> If proof is not given by the time it is due, it will not affect the claim if:
> (1) it was not possible to give proof within the required time; and
> (2) proof is given as soon as possible; but
> (3) not later than 1 year after it is due, unless you are not legally competent.

Ms. Lucey appealed The Hartford's denial of benefits on January 14, 2003 and submitted the medical evidence on September 10, 2003.

Further, unlike the plaintiff in *Orndorf*, Ms. Lucey is not attempting to present evidence of her medical condition after The Hartford's final decision. *See* 2005 WL 858328 at *7. The Hartford issued its final decision in May 2003, and the medical records at issue document the surgery Ms. Lucey underwent on February 20, 2003, prompted by Ms. Lucey's increasing symptoms of Crohn's disease during December 2002, January 2003, and February 2003. The Hartford was specifically on notice of Ms. Lucey's impending surgery, and the medical evidence is directly relevant to whether she was disabled during the timeframe at issue in the appeal of benefits.

**CONCLUSION**

The circumstance of this case distinguish it from the *Orndorf* ruling and militate in favor of admitting evidence to supplement the administrative record.

Respectfully submitted,
Marilyn Lucey

By her attorneys,

Date:   April 22, 2005

Edward S. Englander (BBO # 154540)
Denise A. Chicoine (BBO # 564152)
ENGLANDER & CHICOINE P.C.
Two Newton Place, Suite 200
Newton, MA 02458-1633
Tel. (617) 964-5400

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, hereby certify that I served the enclosed

**PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING RECENT FIRST CIRCUIT OPINION**

on counsel of record by sending a true copy of same to:

David B. Crevier, Esq.
Katherine R. Parsons, Esq.
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5727

via electronic delivery and first class mail postage pre-paid this twenty-second day of April, 2005.

Denise A. Chicoine, Esq.