UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARILYN LUCEY,
        Plaintiff,


        v.                                    CIVIL ACTION NO.
                                              04-10800-NG

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
        Defendant.


**MEMORANDUM AND ORDER RE:**
**MOTION TO DEFINE THE PROPER SCOPE OF THE RECORD**
**FOR JUDICIAL REVIEW**
**(DOCKET ENTRY # 17)**

**May 11, 2005**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion (Docket Entry # 17) filed by plaintiff Marilyn Lucey ("plaintiff") seeking to supplement the record with certain medical records in the above styled denial of benefits action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.  After hearing oral argument, this court took the motion (Docket Entry # 17) under advisement.

    Thereafter, defendant Hartford Life and Accident Insurance Company ("defendant") advised this court of a recent First Circuit opinion, Orndorf v. Paul Revere Life Insurance Company, 2005 WL 858328 (1st Cir. April 15, 2005).  (Docket Entry # 25).

Plaintiff filed a reply, again without seeking leave of court,[1] wherein she argues that, unlike Orndorf, she was "'denied an opportunity to present evidence to the administrator.'"  (Docket Entry # 27; quoting <u>Orndorf v. Paul Revere Life Insurance Company</u>, 2005 WL 858328 at * 6 (1st Cir. April 15, 2005)).


<u>BACKGROUND</u>

Although plaintiff styles the motion as one to define the scope of judicial review, the caption is a misnomer.  The relief sought in the motion is to supplement the administrative record. In particular, plaintiff asks this court to include various medical records that defendant did not consider in denying plaintiff's appeal.

Plaintiff began receiving long term disability benefits in June 1990, after qualifying for such benefits under her former employer's Group Long Term Disability Insurance Plan for Employees of Trustees of the Massachusetts Bankers Association Group Insurance Trust Plan ("the plan") due to Crohn's disease. (Docket Entry # 18, Ex. 2).  By letter dated November 11, 2002, defendant notified plaintiff that it was terminating the benefits

---

[1]  Prior thereto, plaintiff filed a reply (Docket Entry # 19) to defendant's opposition without filing a cover motion seeking leave to file the reply.  <u>See</u> LR. 7.1(b)(3).  In the interest of considering a complete record, this court has considered all of the arguments raised by plaintiff, none of which entitle her to the relief she currently seeks which is to supplement the administrative record with certain medical records.

because she no longer met the plan's definition of being disabled.

Plaintiff appealed the denial.  By letter dated January 14, 2003, plaintiff purportedly advised defendant that she was undergoing surgery before the end of February 2003 because of an ulcerated colon.  The surgery took place on February 20, 2003.

In a letter dated "February 4, 2002 [sic],"[2] defendant informed plaintiff that it had received her appeal letter "stat[ing] that additional information will be submitted in connection with the appeal."  (Docket Entry # 18, Ex. 4).  The February 4, 2003 letter told plaintiff that defendant would "not begin the evaluation of your appeal until the additional information is received."  (Docket Entry # 18, Ex. 4).  The letter, however, cautioned plaintiff that "your complete appeal must be submitted to us within 180 days of the date of our claim decision."  (Docket Entry # 18, Ex. 4).  Plaintiff therefore had until on or about May 11, 2003, i.e., 180 days after the November 11, 2002 claim decision, to submit the additional medical records.

Having received no additional medical records, on May 13, 2003, defendant advised plaintiff that it would begin the appeal process and review the claim file.  On May 20, 2003, defendant denied the appeal and upheld the termination of plaintiff's long

---

[2]  The letter should have been dated February 4, 2003.

term disability benefits.

The medical records that plaintiff seeks to add to the administrative record all predate the May 20, 2003 denial of the appeal. Two of the ten records were created in February 2003, four were created in March 2003, two were created in April 2003[3] and two were created in May 2003.[4] Plaintiff therefore had sufficient time to submit the records before the May 20, 2003 denial and, indeed, was given an adequate warning about the time period to submit the records. Nonetheless, she waited until September 10, 2003, to submit the records to defendant.

Plaintiff nonetheless argues (Docket Entry # 27) that she submitted the records "'as soon as possible'" within the meaning of section VII of the plan (Docket Entry # 18, Ex. 1, p. 25). Putting aside the issue of whether this provision, appearing under the heading "Proof of Loss," even applies to the submission of records on an appeal, plaintiff did not submit the records "as soon as possible."

DISCUSSION

"[I]nterests in finality and exhaustion of administrative procedures required by ERISA" caution against supplementing the administrative record. <u>Orndorf v. Paul Revere Life Insurance</u>

---

[3] The April 25, 2003 correspondence was "signed on May 9, 2003." (Docket Entry # 17, Ex. 1).

[4] The last record was signed on May 13, 2003.

Company, 2005 WL 858328 at * 6 (1st Cir. April 15, 2005).  As
explained by the First Circuit in Liston, "[A]t least some very
good reason is needed to overcome the strong presumption that the
record on review is limited to the record before the
administrator."  Liston v. Unum Corporation Officer Severance
Plan, 330 F.3d 19, 23 (1st Cir. 2003).  Plaintiff fails to
demonstrate such a reason.

The First Circuit in Orndorf extended the Liston rule to
plans involving de novo review of the denial of benefits.  Thus,
irrespective of whether the review in this case is discretionary
or de novo, a decision that this court does not reach, the same
rule applies.

Plaintiff asserts that she falls within the exception of the
Liston/Orndorf rule.  Although the First Circuit left open a very
limited exception, such as where the plaintiff challenges the
bias of a plan administrator or the use of prejudicial and
irregular procedures, see Orndorf v. Paul Revere Life Insurance
Company, 2005 WL 858328 at * 7 (1st Cir. April 15, 2005); Liston
v. Unum Corporation Officer Severance Plan, 330 F.3d at 23-24,
plaintiff does not fall within the exception.  She had ample
opportunity to submit the medical records.  There was also no
prejudicial procedural irregularities employed during the appeal.


## CONCLUSION

Accordingly, the motion to supplement the record (Docket

5

Entry # 17) is **DENIED**.


                                               __/s/ Marianne B. Bowler_____
                                               **MARIANNE B. BOWLER**
                                               United States Magistrate Judge